In the Matter of the
**WELFARE OF D.D.S.**

**No. C5–86–413.**

Supreme Court of Minnesota.

Dec. 12, 1986.

William R. Kennedy, Warren R. Sagstuen, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Vernon F. Bergstrom, Paul R. Scoggin, Minneapolis, for respondent.

AMDAHL, Chief Justice.

D.D.S. was adjudicated delinquent based on a determination that he committed an act of theft from the person, Minn.Stat. § 609.52, subd. 3(3)(a) (1984).[1] The determination that he committed an act of theft from the person was based on evidence that he took a radio that was not actually on the person of another but only in the other's presence. D.D.S. appealed to the Court of Appeals, claiming that the theft was not from the person of another. The Court of Appeals affirmed without opinion as a result of a 6–6 split among the twelve judges. We granted review for the sole purpose of making it clear that, in our opinion, the theft was a theft from the person of another.

The general rule is that when the legislature uses a phrase it uses the phrase according to its commonly understood meaning. At common law property was stolen "from the person" of another even if it was only "in the presence" of the person at the time it was stolen. As stated in R. Perkins, Perkins on Criminal Law, 278–79 (2d ed. 1969):

Property is stolen "from the person" if it was under the protection of the person at the time. * * * [P]roperty may be under the protection of the person although not actually "attached" to him. Thus if a man carrying a heavy suitcase sets it down for a moment to rest, and remains right there to guard it, the suitcase remains under the protection of the person. And if a jeweler removes several diamonds and places them on the counter for the inspection of a customer, under the jeweler's eye, the diamonds are under the protection of the person. On the other hand, one who is asleep is not actually protecting property merely because it is in his presence. Taking property belonging to a sleeping person, and in his presence at the time, is not larceny *from the person* unless the thing was attached to him, in the pocket of clothing being worn by him, or controlled by him at the time in some equivalent manner.

In one case it was said that the statutory offense of larceny from the person was meant to apply to pickpocketing and hence requires an actual taking from the person, and is not committed by a taking from the immediate presence and actual control of the person. This, however has not been the general interpretation, as mentioned above. And it could not well be, because the statute made use of a phrase long used in connection with robbery, and regularly understood to include property taken from one's presence and control. As said by Coke in the 1600's: "for that which is taken in his presence, is in law taken from his person."

(Footnotes omitted). To the same effect, see W. LaFave and A. Scott, Handbook on Criminal Law 695, n. 22 (1972). When the legislature used the words "from the person" it was aware of the common law cases. This is made clear by the Comments to the robbery statute, Minn.Stat. § 609.24, appearing in 40 M.S.A. at 283. While the legislature added the phrase "or in the presence" in the robbery statute in order to make it clear that a robbery was committed if property was taken by the use or threat of force from the person of another or in his presence, the legislature's failure to use the phrase "or in his presence" in section 609.52, subd. 3(3)(a), does not

---

1. Under the statute, theft of property valued at $250 or less ordinarily is treated as a misdemeanor. However, under subdivision 3(3)(a), a theft "from the person" is treated as a felony even if the value of the property taken is not more than $250.

mean that the legislature intended to exclude theft of property under the immediate control of the victim from the offense of theft from the person. There was simply no need to add the phrase "or in his presence" in the theft statute because this court had already ruled that theft "from the person" extended "to every case of stealing, where the property stolen is on the person, or in the immediate charge and custody of the person from whom the theft is made." *State v. Eno*, 8 Minn. 220, 223, 8 Gil. 190, 193 (1863). Further, the justification for treating theft from the person more seriously than other thefts of property valued at $250 or less is that it is conduct that is only one element short of constituting simple robbery, *State v. Nash*, 339 N.W.2d 554, 557 (Minn.1983), and conduct that involves "special potentialit[y] for physical violence or alarm associated with the taking," Model Penal Code § 223.1, Comment at 148 (1980). Taking property that is in the immediate presence or control of the victim carries with it the same special potential for physical violence or alarm as that associated with a taking of property that is in the hand of the victim or otherwise somehow "attached" to the victim.

Affirmed.