835 N.E.2d 925 (2005)
359 Ill. App.3d 938
296 Ill.Dec. 572
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Lamonte DIXON, Jr., Defendant-Appellant.
No. 4-04-0381.
Appellate Court of Illinois, Fourth District.
September 14, 2005.
*927 Daniel D. Yuhas (Court-Appointed), Kara M. Craig, Susan M. Wilham, Assistant Defenders, Office of State Appellate Defender, Springfield, for Lamonte Dixon.
Julia Rietz, State's Attorney, Champaign, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, Anastacia R. Brooks, Staff Attorney, State's Attorneys Appellate Prosecutor, Springfield, for the People.
Justice TURNER delivered the opinion of the court:
In August 2003, a grand jury charged defendant, Lamonte Dixon, Jr., with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2002)). After a February 2004 trial, a jury found defendant guilty of first degree murder. At a joint hearing in April 2004, the trial court denied defendant's posttrial motion and sentenced him to 65 years' imprisonment, which included a 25-year sentence enhancement imposed under section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)). The court later denied defendant's motion to reconsider his sentence.
Defendant appeals, asserting the 25-year sentence enhancement imposed by the trial court under section 5-8-1(a)(1)(d)(iii) of the Unified Code (1) does not apply to his case, (2) violates the due-process and proportionate-penalties clauses, and (3) is an improper double enhancement. We affirm.

I. BACKGROUND
The August 2003 indictments against defendant alleged that on or about May 1, 2003, defendant "personally discharged a firearm that proximately caused the death of Teri Clark." In February 2004, the trial court held a jury trial on the four first-degree-murder charges. The evidence at trial showed Clark died of multiple gunshot wounds. No evidence was presented that any other person received a gunshot wound during the same incident. The jury instructions regarding first degree murder included the same firearm language as the indictments. After hearing all of the evidence, the jury found defendant guilty of first degree murder.
In March 2004, defendant filed a posttrial motion. At a joint hearing in April 2004, the trial court denied defendant's posttrial motion and sentenced him to 65 years' imprisonment. The court expressly stated he was sentencing defendant to 40 years' imprisonment for first degree murder and imposing an additional 25 years under section 5-8-1(a)(1)(d)(iii) of the Unified Code. Defendant filed a motion to reconsider his sentence, which the court denied. This appeal followed.

II. ANALYSIS
All of defendant's arguments on appeal are directed at the 25-year sentence enhancement the trial court imposed under section 5-8-1(a)(1)(d)(iii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)). That section provides the following:
"[I]f, during the commission of the offense [(first degree murder)], the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, *928 or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002).
Section 5-8-1(a)(1)(d)(iii) is part of a "15/20/25-life add-on sentencing scheme" created by Public Act 91-404 (Pub. Act 91-404, § 10, eff. January 1, 2000 (1999 Ill. Laws 5126, 5150)). That act provided for stricter sentences for enumerated crimes when they are committed with a firearm. People v. Hill, 199 Ill.2d 440, 457-58, 264 Ill.Dec. 670, 771 N.E.2d 374, 385 (2002). Thus, for applicable crimes, the "15/20/25-life add-on sentencing scheme" requires a 15-year sentence enhancement for committing the offense while in possession of a firearm, a 20-year sentence enhancement for the discharge of a firearm during the commission of the offense, and a 25-years-to-life sentence enhancement for the discharge of a firearm during the commission of the offense that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person. See, e.g., 730 ILCS 5/5-8-1(a)(1)(d)(i) through (a)(1)(d)(iii) (West 2004).

A. Statutory Interpretation
Defendant first argues the 25-year sentence enhancement should not have been added because his crime does not fall under section 5-8-1(a)(1)(d)(iii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)). Specifically, he asserts the "another person" language refers to a victim other than the decedent. The State contends the language refers to any person other than the person who personally discharged the firearm. Because the construction of a statute is a question of law, our review is de novo. People v. Whitney, 188 Ill.2d 91, 98, 241 Ill.Dec. 770, 720 N.E.2d 225, 229 (1999).
The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. A statute's language provides the best means of determining legislative intent, and that language should be given its plain and ordinary meaning. Where the statutory language is clear and unambiguous, its plain meaning will be given effect. Whitney, 188 Ill.2d at 97, 241 Ill.Dec. 770, 720 N.E.2d at 228. Further, a court should evaluate the statutory provision as a whole, rather than reading phrases in isolation, and construe the statute to give a reasonable meaning to all words and sentences so that no part is rendered superfluous. People v. Glisson, 202 Ill.2d 499, 505, 270 Ill.Dec. 57, 782 N.E.2d 251, 255 (2002).
We agree with the State that the statute's plain language provides for the 25-years-to-life sentence enhancement when a defendant causes harm to a person other than himself or herself with a firearm. In fact, defendant's interpretation of the "another person" language renders section 5-8-1(a)(1)(d)(iii) superfluous as to a second murder victim because section 5-8-1(a)(1)(c)(ii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(c)(ii) (West 2002)) provides a person who is "found guilty of murdering more than one victim" may only be sentenced to death or a term of natural life imprisonment. Moreover, contrary to defendant's argument, the State's interpretation does not render the "great bodily harm, permanent disability, [or] permanent disfigurement" language superfluous, as a person may suffer a nonfatal gunshot wound and then be killed by other means. Our interpretation of the "another person" language is consistent with that of the First District. See People v. Jones, 357 Ill.App.3d 684, 690, 293 Ill.Dec. 972, 829 N.E.2d 897, 903 (2005); People v. Thompson, *929 354 Ill.App.3d 579, 591, 290 Ill.Dec. 352, 821 N.E.2d 664, 674 (2004).
Since defendant caused his victim's death by use of a firearm, the trial court properly applied a 25-year sentence enhancement under section 5-8-1(a)(1)(d)(iii) of the Unified Code to his sentence.

B. Constitutionality
Defendant next contends his 25-year sentence enhancement is unconstitutional because it violates both the due-process and proportionate-penalties clauses. The question of whether a statute is constitutional is subject to de novo review. People v. Moss, 206 Ill.2d 503, 520, 276 Ill.Dec. 855, 795 N.E.2d 208, 219 (2003). A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity. Moreover, courts have a duty to construe a statute so as to uphold its validity and constitutionality if it can reasonably be done. Moss, 206 Ill.2d at 520, 276 Ill.Dec. 855, 795 N.E.2d at 219.

1. Due Process

Defendant alleges the 25-year sentence enhancement violates his right to due process because "it punishes the potential harm that could result from the use of a firearm more harshly than the actual harm, including death, that results from firearm use."
Section 2 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) applies to all legislative enactments and provides that "[n]o person shall be deprived of life, liberty[,] or property without due process of law." People v. Morris, 136 Ill.2d 157, 161-62, 143 Ill.Dec. 300, 554 N.E.2d 235, 236 (1990). Under the State's police power, the legislature possesses wide discretion in prescribing penalties for defined offenses. Morris, 136 Ill.2d at 161, 143 Ill.Dec. 300, 554 N.E.2d at 236. A State's police power is properly exercised if the statute was reasonably designed to remedy the evils the legislature determined were a threat to the public health, safety, and general welfare. When reviewing legislation under the due-process clause of our constitution, the test focuses on the enactment's purposes and objectives. Morris, 136 Ill.2d at 162, 143 Ill. Dec. 300, 554 N.E.2d at 236. A court will not invalidate a statute "`unless the challenged penalty is clearly in excess of the very broad and general constitutional limitations applicable.'" Morris, 136 Ill.2d at 161, 143 Ill.Dec. 300, 554 N.E.2d at 236, quoting People ex rel. Carey v. Bentivenga, 83 Ill.2d 537, 542, 48 Ill.Dec. 228, 416 N.E.2d 259, 262 (1981).
In support of his argument, defendant cites People v. Bradley, 79 Ill.2d 410, 417-18, 38 Ill.Dec. 575, 403 N.E.2d 1029, 1032-33 (1980), where the supreme court found a statute violated the due-process clause because it provided a more severe punishment for possession of a controlled substance than delivery of the same substance. There, the court noted the legislature clearly intended people who traffic in and deliver drugs to be subject to more severe sentences than those who merely possess them. Thus, the statute was not reasonably designed to remedy the evil the legislature had determined was a greater threat to the public. Bradley, 79 Ill.2d at 418, 38 Ill.Dec. 575, 403 N.E.2d at 1032.
Our supreme court has determined the purpose of Public Act 91-404 (Pub. Act 91-404, eff. January 1, 2000 (1999 Ill. Laws 5126)) is "`to deter the use of firearms in the commission of felonies.'" Moss, 206 Ill.2d at 525, 276 Ill.Dec. 855, 795 N.E.2d at 222, quoting People v. Walden, 199 Ill.2d 392, 396, 264 Ill.Dec. 91, 769 N.E.2d 928, 931 (2002). It has also recognized that gun violence presents a pervasive and *930 enhanced danger. See Hill, 199 Ill.2d at 458-59, 264 Ill.Dec. 670, 771 N.E.2d at 385. As stated, section 5-8-1(a)(1)(d)(iii) provides for the mandatory addition of 25 years up to life to a first-degree-murder sentence when the defendant discharges a firearm during the offense that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002). Thus, unlike Bradley, section 5-8-1(a)(1)(d)(iii)'s 25-years-to-life sentence enhancement is consistent with the legislature's purpose of deterring gun violence and is reasonably designed to address the evil of gun violence the legislature determined was a greater threat to the public than violence committed with other weapons. Accordingly, we find section 5-8-1(a)(1)(d)(iii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)) does not violate the due-process clause.
We note the First District has reached the same result. See Jones, 357 Ill.App.3d at 694, 293 Ill.Dec. 972, 829 N.E.2d at 906-07; Thompson, 354 Ill.App.3d at 592-94, 290 Ill.Dec. 352, 821 N.E.2d at 675-77.

2. Proportionate-Penalties Clause

Defendant also asserts the 25-year sentence enhancement violates the proportionate-penalties clause.
"In evaluating whether a proportionate[-]penalties violation has been established, the central question is whether the penalty at issue has been set by the legislature `according to the seriousness of the offense.'" Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d at 220, quoting Ill. Const. 1970, art. I, § 11. The Supreme Court of Illinois has used three separate tests to make that determination. The first test is whether the penalty is "cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d at 220. The second test is whether, when comparing similar offenses, "conduct that creates a less serious threat to the public health and safety is punished more severely." Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d at 220. That test is referred to as the "cross-comparison" test. The final test is whether offenses with identical elements are given different sentences. Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d at 220.
Here, defendant appears to assert the 25-years-to-life sentence enhancement of section 5-8-1(a)(1)(d)(iii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)) violates the second test when it is compared to the substantive offense of first degree murder since the threat of harm is being punished more severely than the harm itself. However, defendant has cited no authority that a sentence enhancement itself can be compared to an offense under the cross-comparison test. Our supreme court has set forth the cross-comparison test as an examination of similar offenses. See Moss, 206 Ill.2d at 522, 276 Ill.Dec. 855, 795 N.E.2d at 220. Assuming arguendo, that such a comparison is possible under the test, defendant's argument still has no merit.
The cross-comparison test requires a two-step analysis. The first step in the cross-comparison analysis asks whether the purposes of the compared offenses are distinct. If so, comparative-proportionality review is not appropriate and the second step is not reached. Hill, 199 Ill.2d at 454, 264 Ill.Dec. 670, 771 N.E.2d at 382. The second step, if employed, asks whether the offense with the harsher penalty is more serious than the offense with the less severe penalty. Hill, 199 Ill.2d at 454, 264 Ill.Dec. 670, 771 N.E.2d at 382-83.
Our supreme court has previously addressed an argument similar to defendant's. *931 In Hill, 199 Ill.2d at 453-54, 264 Ill.Dec. 670, 771 N.E.2d at 382, the issue before the court was whether the 15-year sentence enhancement for home invasion while armed with a firearm (720 ILCS 5/12-11(a)(3), (c) (West 2000)) violated the proportionate-penalties clause when compared to other provisions of the home-invasion statute (720 ILCS 5/12-11(a)(1), (a)(2) (West 2000)) that were not enhanced. The supreme court concluded the purposes of sections 12-11(a)(1) and (a)(2) were sufficiently distinct from that of section 12-11(a)(3), thus rendering comparative-proportionality review inappropriate. Hill, 199 Ill.2d at 458-59, 264 Ill.Dec. 670, 771 N.E.2d at 385. Accordingly, the defendant failed to carry his burden of proving the 15-year sentence enhancement violated the proportionate-penalties clause. Hill, 199 Ill.2d at 459, 264 Ill.Dec. 670, 771 N.E.2d at 385.
In reaching that conclusion, the supreme court noted the legislature by passing Public Act 91-404 (Pub. Act 91-404, § 5, eff. January 1, 2000 (1999 Ill. Laws 5126, 5130-31)), which created section 12-11(a)(3) and the other firearm enhancements to home invasion (720 ILCS 12-11(a)(4), (a)(5) (West 2000)), "essentially intended to break the offense of home invasion into two distinct categories: offenses committed without a firearm and offenses committed with a firearm." Hill, 199 Ill.2d at 457, 264 Ill.Dec. 670, 771 N.E.2d at 384. Thus, while subsection (a)(3) had the same purpose as subsections (a)(1) and (a)(2), which was still to protect the safety of people in their homes, subsection (a)(3) also had a second, more specific purpose of protecting against intruders carrying firearms by deterring the use of firearms through harsher penalties. Hill, 199 Ill.2d at 457, 264 Ill.Dec. 670, 771 N.E.2d at 385.
Since section 5-8-1(a)(1)(d)(iii)'s 25-years-to-life sentence enhancement for first degree murder is also part of a standard 15/20/25-to-life sentencing scheme created by Public Act 91-404 like the 15-year sentence enhancement for home-invasion, we find the Hill analysis leads to the same conclusion in this case. Like the home-invasion enhancement, the 25-years-to-life enhancement to first degree murder has an additional, more specific purpose of deterring the use of firearms than the substantive offense of first degree murder. That additional purpose makes comparative-proportionality review inappropriate. Thus, defendant has failed to prove his 25-year sentence enhancement imposed under section 5-8-1(a)(1)(d)(iii) of the Unified Code (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002)) violates the proportionate-penalties clause.
We note this is the same conclusion reached by the Second District in People v. Moore, 343 Ill.App.3d 331, 346, 277 Ill.Dec. 870, 797 N.E.2d 217, 230 (2003). The First District has also rejected the argument that section 5-8-1(a)(1)(d)(iii) violates the proportionate-penalties clause because it punishes the threat of harm more severely than the harm itself. See Jones, 357 Ill. App.3d at 693-94, 293 Ill.Dec. 972, 829 N.E.2d at 905-07; Thompson, 354 Ill. App.3d at 594, 290 Ill.Dec. 352, 821 N.E.2d at 677; People v. Tolbert, 354 Ill.App.3d 94, 103, 289 Ill.Dec. 498, 820 N.E.2d 6, 13 (2004). Illinois courts have also rejected proportionate-penalties challenges to section 5-8-1(a)(1)(d)(iii) based on other arguments. See Tolbert, 354 Ill.App.3d at 102-03, 289 Ill.Dec. 498, 820 N.E.2d at 13-14 (second test compared to (1) brutal and heinous murders and (2) murders committed by arson and explosives); People v. Bloomingburg, 346 Ill.App.3d 308, 324, 281 Ill.Dec. 673, 804 N.E.2d 638, 651 (2004) (third test); People v. Sawczenko-Dub, 345 Ill.App.3d 522, 530, 532, 280 Ill.Dec. 832, 803 N.E.2d 62, 68, 70, (2003) (first test and second test compared to brutal and heinous murders).

*932 C. Double Enhancement
Defendant last asserts the 25-year sentence enhancement is an improper double enhancement.
A "double enhancement" refers to the use of a single factor that is implicit in the offense for which the defendant was convicted as an aggravating factor in sentencing for that offense. People v. Phelps, 211 Ill.2d 1, 11, 284 Ill.Dec. 268, 809 N.E.2d 1214, 1220 (2004). Double enhancements are generally prohibited because it is assumed that, in designating the appropriate range of punishment for an offense, the legislature necessarily considered the factors inherent in the offense. The double-enhancement rule is a statutory construction one, and thus we apply the de novo standard of review. Phelps, 211 Ill.2d at 12, 284 Ill.Dec. 268, 809 N.E.2d at 1220.
The First District has rejected the argument the 25-years-to-life sentence enhancement for first degree murder is a double enhancement, noting, inter alia, firearm use is not implicit in the offense of first degree murder (720 ILCS 5/9-1 (West 2002)). Thompson, 354 Ill.App.3d at 592, 290 Ill.Dec. 352, 821 N.E.2d at 675; see also Jones, 357 Ill.App.3d at 692, 293 Ill.Dec. 972, 829 N.E.2d at 905; Bloomingburg, 346 Ill.App.3d at 325, 281 Ill.Dec. 673, 804 N.E.2d at 652; Sawczenko-Dub, 345 Ill.App.3d at 539, 280 Ill.Dec. 832, 803 N.E.2d at 76. That court has also concluded that in analyzing this issue, the proper factor to consider is the use of a firearm, not the causation of death. Sawczenko-Dub, 345 Ill.App.3d at 539, 280 Ill.Dec. 832, 803 N.E.2d at 76. However, even if the "causing a death" element is considered, a double enhancement does not exist. Bloomingburg, 346 Ill.App.3d at 325-26, 281 Ill.Dec. 673, 804 N.E.2d at 652-53. The Second District has also concluded the 25-years-to-life sentence enhancement is not a double enhancement. See Moore, 343 Ill.App.3d at 348, 277 Ill.Dec. 870, 797 N.E.2d at 231.
However, defendant asserts the reviewing courts have misconstrued the previous double-enhancement arguments. He contends the fact a death occurred triggers the 25-years-to-life sentence enhancement rather than the 20-year sentence enhancement (730 ILCS 5/5-8-1(a)(1)(d)(ii) (West 2002)). Thus, death is used both as an element of the offense and the basis to increase the sentence enhancement from 20 years to 25 years to life.
Recently, the First District rejected that argument as well. See Jones, 357 Ill. App.3d at 691-92, 293 Ill.Dec. 972, 829 N.E.2d at 904-05. It again emphasized the use of a firearm is not implicit in the offense of first degree murder. Jones, 357 Ill.App.3d at 692, 293 Ill.Dec. 972, 829 N.E.2d at 905. We agree.
While death is an element of first degree murder (see 720 ILCS 5/9-1(a) (West 2004)), the mere fact of a death does not trigger the 25-years-to-life sentence enhancement. The difference between the 20-year and the 25-years-to-life enhancements is that the discharge of the firearm proximately caused the death of another person. The death must have resulted from the use of the firearm, which is not an element of first degree murder.
Accordingly, we find the 25-years-to-life sentence enhancement contained in section 5-8-1(a)(1)(d)(iii) of the Unified Code is not a double enhancement.

III. CONCLUSION
For the reasons stated, we affirm defendant's conviction and sentence.
Affirmed.
COOK, P.J., and KNECHT, J., concur.