NO. 4-05-0418      Filed: 8/23/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Adams County |
| ANTONIO D. PIERCE, | ) | No. 05CF2 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott H. Walden, |
| | ) | Judge Presiding. |

_____

JUSTICE KNECHT delivered the opinion of the court:

Following a jury trial, defendant, Antonio D. Pierce, was convicted of theft from the person (720 ILCS 5/16-1 (West 2004)) and sentenced to six years' imprisonment. On appeal from his conviction, defendant argues the court erred by modifying the Illinois pattern jury instruction (IPI) for theft from the person to include theft of property "from the person or presence of another." We affirm.

I. BACKGROUND

On September 13, 2004, Robert Gallaher went to the Silver Moon Tavern in Quincy, Illinois. Gallaher sat at the bar and purchased beer from the bartender, Linda Sheehan. To pay Sheehan for his beer, Gallaher placed $50 on the bar directly in front of him. Gallaher testified he had his hand on the money while the money was on the bar. After he paid for his drinks, several twenties were in front of him.

Defendant entered the bar and approached Gallaher. Defendant offered to sell Gallaher cigarettes. Gallaher de-

clined.  Gallaher then removed his hand from the money to light a cigarette.  A surveillance tape from the bar shows the victim intermittently placing his left hand on his money while holding a cigarette in his right hand.  Defendant grabbed the money and ran from the bar.  The surveillance tape confirmed the victim's and the bartender's testimony.

At the jury conference, the State offered modified versions of Illinois Pattern Jury Instructions, Criminal, Nos. 13.09 and 13.10 (4th ed. 2000) (hereinafter IPI Criminal 4th). The State's proposed instruction added the phrase "or presence" to the IPI.  For example, the modified version of IPI Criminal 4th No. 13.09 read as follows:

> "A person commits the offense of theft
> from the person when he knowingly obtains
> unauthorized control over the property by
> taking said property from the person <u>or pres-
> ence</u> of another and intends to deprive the
> owner permanently of the use or benefit of
> the property."  (Emphasis added.)

Defendant objected to the proposed modifications. Defendant argued the committee had not added "or presence" to the IPI and no decision from this court supported the modification. The court, citing <u>People v. Jackson</u>, 158 Ill. App. 3d 394, 511 N.E.2d 923 (1987), and <u>People v. Harrell</u>, 342 Ill. App. 3d 904, 795 N.E.2d 1022 (2003), agreed with the State and ordered the modified instructions given.

The jury found defendant guilty of theft from the

person.  The court sentenced defendant as stated.  This appeal followed.

## II. ANALYSIS

Defendant argues the trial court erred by not using the pattern instructions to describe the theft-from-the-person statute.  Defendant contends the trial court's addition of "or presence" was erroneous because it was an inaccurate statement of the law.  Defendant contends the language in the theft-from-the-person statute is plain and unambiguous: theft "from the person" simply means theft of property attached to the person.  By adding the words "or presence," defendant contends the court improperly expanded the theft-from-the-person offense to include conduct not contemplated by the legislature.

The State argues the instruction was proper because theft from the person is properly interpreted as including theft from the person's presence.

Generally, trial courts must use pattern instructions when "an appropriate IPI instruction exists on a subject upon which the trial court has determined the jury should be instructed."  People v. Pollock, 202 Ill. 2d 189, 212, 780 N.E.2d 669, 682 (2002).  The instructions

> "were 'painstakingly drafted with the use of
> simple, brief[,] and unslanted language so as
> to clearly and concisely state the law,' and,
> for that reason, 'the use of additional in-
> structions on a subject already covered by
> IPI would defeat the goal that all instruc-

tions be simple, brief, impartial[,] and free from argument.'"  Pollock, 202 Ill. 2d at 212, 780 N.E.2d at 682, quoting People v. Haywood, 82 Ill. 2d 540, 545, 413 N.E.2d 410, 413 (1980).

Trial courts have discretion to give a nonpattern jury instruction.  See Pollock, 202 Ill. 2d at 211, 780 N.E.2d at 682.  When courts do so, the nonpattern instruction should be "an accurate, simple, brief, impartial, and nonargumentative statement of the law."  Pollock, 202 Ill. 2d at 211, 780 N.E.2d at 682.  If it is not, we may find the trial court abused its discretion in giving the nonpattern instruction.  See Pollock, 202 Ill. 2d at 211, 780 N.E.2d at 682.

In this case, the question of whether the jury instruction was proper hinges on whether the addition of "or presence" is an accurate statement of the law.  This is a matter of statutory construction, a matter we review de novo.  See People v. Whitney, 188 Ill. 2d 91, 98, 720 N.E.2d 225, 229 (1999).

Our goal in construing statutes "is to ascertain and give effect to the legislature's intent."  People v. Dixon, 359 Ill. App. 3d 938, 941, 835 N.E.2d 925, 928 (2005), citing Whitney, 188 Ill. 2d at 97, 720 N.E.2d at 228.  The best means for satisfying this goal is to examine the language of the statute.  When the language of the statute is clear and unambiguous, we will give effect to its plain meaning.  See Dixon, 359 Ill. App. 3d at 941, 835 N.E.2d at 928.  When, however, the language is ambiguous, we "may consider other extrinsic aids for construc-

tion, including legislative history, to resolve the ambiguity and determine legislative intent." Whitney, 188 Ill. 2d at 97-98, 720 N.E.2d at 228. We are also mindful of the general rule to strictly construe penal statutes in the defendant's favor. See Whitney, 188 Ill. 2d at 98, 720 N.E.2d at 228.

Section 16-1 of the Criminal Code of 1961 (720 ILCS 5/16-1 (West 2004)) defines theft. One of the definitions, applicable here, is that one commits theft when he or she knowingly "[o]btains or exerts unauthorized control over property of the owner" and "[i]ntends to deprive the owner permanently of the use or benefit of the property." 720 ILCS 5/16-1(a)(1)(A) (West 2004). "Theft of property from the person" is a sentencing enhancement. See 720 ILCS 5/16-1(b)(4) (West 2004) ("Theft of property from the person not exceeding $300 in value *** is a Class 3 felony"). While "[t]heft of property not from the person" when the value of the property does not exceed $300 is a Class A misdemeanor, "[t]heft of property from the person" in the same amount is a Class 3 felony. See 720 ILCS 5/16-1(b)(1), (b)(4) (West 2004).

We find the plain language of the theft-from-the-person statute does not support defendant's view. A reasonable reading of the statute applies to the situation here. The money was directly in front of the victim, and the money was snatched just after the victim removed his hands from it.

Defendant emphasizes the difference between the theft-from-the-person statute and the robbery statute. The robbery statute states one "commits robbery when he or she takes property

5

\*\*\* from the person or presence of another by the use of force or by threatening the imminent use of force."  (Emphasis added.) 720 ILCS 5/18-1(a) (West 2004).  Defendant contends the inclusion of the "presence" language in the robbery statute, but the omission of the same language in the theft-from-the-person statute, shows legislative intent to impose a harsher penalty for theft from the person's body.  Defendant contends this interpretation of the language in the two statutes complies with the principle that courts construe statutes so no phrase or word is rendered meaningless.  See People v. Parvin, 125 Ill. 2d 519, 525, 533 N.E.2d 813, 815 (1988).

Before the current version of the robbery statute, the language was limited to "from the person of another."  See People v. Braverman, 340 Ill. 525, 530, 173 N.E. 55, 57 (1930) ("'Robbery,' as defined by the statute, is the felonious and violent taking of money, goods[,] or other valuable thing, from the person of another by force or intimidation").  The Supreme Court of Illinois in Braverman examined common law and concluded "from the person" included the taking of property in the possession or control of the person robbed.  Braverman, 340 Ill. at 531, 173 N.E. at 57.  Because of the Braverman interpretation of the robbery statute, the statute was changed to incorporate "presence."  See 720 ILCS Ann. 5/18-1, Committee Comments 1961, at 6 (Smith-Hurd 2003).

We do not believe defendant is correct that to construe the theft-from-the-person statute as the State would have us do renders the phrase "or presence" in the robbery statute meaning-

less.  The Committee Comments indicate the addition of "or presence" to the robbery statute did not change the law:

> "This paragraph codifies the law in Illinois on robbery.  No change is intended. *** '. . . or presence' is added to incorporate the court's holding in People v. Braverman ***."  (Emphasis added.)  720 ILCS Ann. 5/18-1, Committee Comments 1961, at 6 (Smith-Hurd 2003).

The "or presence" language thus clarified the law after a defendant's attempt to avoid a robbery conviction when the property taken was not on the victim, but in the victim's presence and control (see Braverman, 340 Ill. at 531, 173 N.E. at 57).

Defendant further urges this court to follow People v. Williams, 42 Ill. App. 3d 134, 355 N.E.2d 597 (1976), which concluded the theft-from-the-person statute necessitated the property be taken from the victim's body or clothes.  In Williams, the First District considered the appeal of a defendant convicted of attempt (robbery).  The defendant argued, in part, his conviction "was improper because there was no evidence that [he] used force or threatened the imminent use of force."  Williams, 42 Ill. App. 3d at 135, 355 N.E.2d at 598.  After the court found the conviction unsupported because no evidence showed force, the court considered whether the defendant was guilty of theft.  The court rejected the State's suggestion the defendant could be guilty of theft from the person:

> "The difficulty with this is that the evi-

dence does not support this charge. Williams did not attempt to take money from Bell's person but did attempt to take it from the cash register which was in her presence." Williams, 42 Ill. App. 3d at 138, 355 N.E.2d at 601.

Three cases since Williams have rejected the proposition the theft-from-the-person statute does not extend beyond thefts of property from on the person. See Harrell, 342 Ill. App. 3d at 909, 795 N.E.2d at 1025; People v. Sims, 245 Ill. App. 3d 221, 224, 614 N.E.2d 893, 896 (1993); Jackson, 158 Ill. App. 3d at 399, 511 N.E.2d at 926. In Jackson, the Fifth District considered the appeal of a defendant charged with theft from the person. Jackson, 158 Ill. App. 3d at 394, 511 N.E.2d at 923. The evidence at trial established the victim, when returning to his car at a rest stop, was approached by the defendant. The defendant pushed the victim against the victim's car and asked for the victim's billfold. After the victim stated he did not have one, the defendant reached behind the victim to look for a wallet. The defendant then opened the door and removed the victim's wallet from under the driver's seat. The defendant stole cash and credit cards from the wallet. The defendant also stole other items from the car. See Jackson, 158 Ill. App. 3d at 395-96, 511 N.E.2d at 924.

The Jackson court upheld the defendant's conviction. The Jackson court concluded the words "from the person" included "the taking of property not only from the actual person of the

victim but also from the presence of the victim." Jackson, 158 Ill. App. 3d at 399, 511 N.E.2d at 926. The court reasoned, in part, the danger of confrontation was as great in taking it from under his car seat as it would have been had the defendant taken the wallet from defendant's pocket. The court further concluded the victim's person was violated. See Jackson, 158 Ill. App. 3d at 397, 511 N.E.2d at 925. The Jackson court further found persuasive a comparison of the theft-from-the-person statute to the robbery statute. First, the court noted the law permits when an article is stolen without a threat of violence to the person, the crime will be held to be theft from the person. See Jackson, 158 Ill. App. 3d at 397, 511 N.E.2d at 925, citing People v. Patton, 76 Ill. 2d 45, 389 N.E.2d 1174 (1979). Second, the Jackson court reasoned the "from the person" language in the robbery statute, before the words "or presence" were added, included property taken from the person. See Jackson, 158 Ill. App. 3d at 397-98, 511 N.E.2d at 925, quoting Braverman, 340 Ill. at 530-31, 173 N.E. at 57.

In Sims, the Third District reversed a theft-from-the-person conviction but did not hold the theft-from-the-person statute was limited to takings from on the person. The victim was in a store; her two-year-old son and her purse were in the child's seat of a shopping cart. While shopping, the victim turned from her cart to look at merchandise. At that point, she was approximately 2 1/2 feet from the cart. The victim heard her son fuss. When she turned around, she saw the defendant leave the aisle and she noticed her purse was missing. Sims, 245 Ill.

App. 3d at 222-23, 614 N.E.2d at 895.

The Sims court expressly agreed with the holding in Jackson, and thus agreed the theft did not have to come from the person's body, but refused to apply Jackson's holding to the facts before it. The court determined "more evidence is required to support a conviction of theft of property from the person than the mere taking of property from the presence of a victim who is unaware of the theft which occurred several feet away from her person." Sims, 245 Ill. App. 3d at 224, 614 N.E.2d at 896.

In Harrell, the Second District affirmed the defendant's conviction for theft from the person when he took the victim's purse from a shopping cart. Specifically, the victim and her husband had finished shopping and were returning to their car. The purse was in the baby seat. As the husband opened the truck, the defendant approached the victim from behind, reached around her, and snatched the purse from the cart. Harrell, 342 Ill. App. 3d at 906, 795 N.E.2d at 1023.

The Harrell court agreed with Sims's conclusion that "from the person" includes "'when the victim has been detained or searched as in Jackson or when the victim's privacy has been directly invaded at the time the property is taken.'" Harrell, 342 Ill. App. 3d at 909, 795 N.E.2d at 1025, quoting Sims, 245 Ill. App. 3d at 224, 614 N.E.2d at 896. The Harrell court concluded its facts were more similar to those in Jackson:

> "The victim stated that defendant reached
> around her to take the purse from the cart.
> She must have been standing immediately next

to the cart and was obviously aware of the theft as it occurred.  These facts distinguish the case from Sims.  Clearly, the victim's privacy was directly invaded."

Harrell, 342 Ill. App. 3d at 909, 795 N.E.2d at 1025.

The split among the appellate districts in this state exemplifies the split among state courts across the country. Compare Terral v. State, 84 Nev. 412, 414, 442 P.2d 465, 466 (1968), and State v. Lucero, 28 Utah 2d 61, 62, 498 P.2d 350, 351 (1972), with In re Welfare of D.D.S., 396 N.W.2d 831, 832-33 (Minn. 1986), and State v. Shepard, 726 A.2d 1138, 1141-42 (R.I. 1999).  The Terral court, which held theft from the person requires a taking from property on the person, reasoned that the Statute of 8 Elizabeth in the 16th century created the offense of larceny from the person and was intended to apply to pickpocketing, requiring proof of an actual taking from the person.  See Terral, 84 Nev. at 413-14, 442 P.2d at 465-66.

On the other hand, some courts that reached a conclusion contrary to the one in Terral also relied on the common law.  For example, in D.D.S., the court reasoned under common law, property taken from the person included property taken from the presence of the person.  See D.D.S., 396 N.W.2d at 832.  The D.D.S. court quoted Coke from the 1600s: "'for that which is taken in his presence, is in law taken from his person.'" D.D.S., 396 N.W.2d at 832.

We conclude defendant's conduct in taking the money

from the bar in front of the victim falls within the language of "theft of property from the person."  We find compelling the fact the legislature, in drafting the theft-from-the-person statute, used the same words that were used in describing robbery offenses.  See People v. Campbell, 234 Ill. 391, 393, 84 N.E. 1035, 1036 (1908) ("The difference between stealing from the person of another, and robbery, lies in the force or intimidation used").  These same words, "from the person," as indicated by Braverman, included property taken from one's presence and control.  See also D.D.S., 396 N.W.2d at 832.  That the legislature has not yet decided to clarify the meaning of the "from the person" language in the theft-from-the-person statute carries little weight.  See Harrell, 342 Ill. App. 3d at 909, 795 N.E.2d at 1026.  In addition, we find the risk of confrontation that intensifies when a theft occurs in a victim's presence is the same as when the theft is from the victim's body.  See Jackson, 158 Ill. App. 3d at 397, 511 N.E.2d at 925; D.D.S., 396 N.W.2d at 833 ("Taking property that is in the immediate presence or control of the victim carries with it the same special potential for physical violence or alarm as that associated with a taking of property that is in the hand of the victim").

We hold the addition of "or presence" was an accurate statement of the law.  The trial court did not abuse its discretion in defining "from the person" for the jury, which was not done by IPI Criminal 4th No. 13.09 or 13.10.  See generally 177 Ill. 2d R. 451(a) ("Whenever IPI Criminal 2d does not contain an instruction on a subject on which the court determines that the

˅ 12 ˅

jury should be instructed, the instruction given on that subject should be simple, brief, impartial, and free from argument").

We note we need not ascertain whether <u>Sims</u>'s awareness standard or whether an "'under the protection'" standard (see generally <u>D.D.S.</u>, 396 N.W.2d at 832, quoting R. Perkins, <u>Perkins on Criminal Law</u>, 278-79 (2d ed. 1969)) is appropriate for defining when an item is in a victim's presence.  Here, the facts satisfy either standard.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and COOK, JJ., concur.