# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Village of Mundelein v. Bogachev*, 2011 IL App (2d) 100346

---

| | |
|---|---|
| Appellate Court Caption | The Village of Mundelein, Plaintiff-Appellant, v. Andrey Bogachev, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2–10–0346 |
| Filed | May 27, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for driving while under the influence of alcohol, the trial court properly granted defendant's motion to dismiss the charge based on a violation of his right to a speedy trial, notwithstanding plaintiff village's contention that he forfeited his statutory right to a speedy trial by failing to object to the trial court's decision to continue the trial date beyond the 160-day period and erred by refusing to attribute the delays caused by certain continuances to defendant, since defendant's motion was based on section 103–5(b), which applied to defendants released on bail or recognizance and requires a trial within 160 days, rather than section 103–5(a), which applies to defendants in custody and requires a trial within 120 days, and although section 103–5(a) provides that delay shall be attributed to defendant unless he or she objects, subsection (b) omits any statement that delay shall be attributable to defendant unless he or she objects, and the appellate court agreed with defendant that neither *Cordell* nor *Hampton* provided a basis for imposing a duty on defendant to object to a delay before proceeding to seek a discharge based on a violation of his right to a trial within 160 days, and furthermore, the record showed that the continuances at issue were based on matters outside defendant's control or responsibility and plaintiff village failed to show otherwise. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09–DT–272; the Hon. Patrick N. Lawler and the Hon. Joseph R. Waldeck, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joel D. Gingiss, of Smith & LaLuzerne, Ltd., of Waukegan, for appellant. |
| | Thomas A Lilien and Darren E. Miller, both of State Appellate Defender's Office, of Elgin, for appellee. |
| Panel | JUSTICE HUDSON delivered the judgment of the court, with opinion Justices Zenoff and Schostok concurred in the judgment and opinion |

## OPINION

¶ 1    Plaintiff, the Village of Mundelein, charged defendant, Andrey Bogachev, with driving under the influence of alcohol (DUI) (625 ILCS 5/11–501(a)(2) (West 2008)). After numerous continuances, he moved to dismiss the charge, contending that he had been denied his statutory right to be brought to trial within 160 days of demanding a speedy trial (see 725 ILCS 5/103–5(b) (West 2008)). The trial court initially denied the motion, then granted it and dismissed the charge. Plaintiff appeals, contending that (1) under our opinion in *People v. Hampton*, 394 Ill. App. 3d 683 (2009), defendant forfeited his statutory right to a speedy trial by failing to object to the court's decision to continue the trial date beyond the 160-day period; and (2) the trial court erred reversibly in refusing to attribute delays caused by certain continuances to defendant.

¶ 2    We note that the record consists of the common-law record and a report of proceedings for March 30, 2010, when the trial court heard defendant's motion to reconsider the denial of his motion to dismiss. We have no transcripts, bystander's reports, or agreed statements of facts for any other proceedings (see Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)). The pertinent facts are as follows.

¶ 3    On January 31, 2009, defendant was arrested and charged with DUI. He posted bond that day and was out of custody thereafter. Judge Patrick N. Lawler was assigned to defendant's case. On February 20, 2009, defendant filed a demand for a speedy trial (see 725 ILCS 5/103–5(b) (West 2008)) and a petition to rescind the summary suspension of his driver's license (see 625 ILCS 5/11–501.1 (West 2008)). On March 13, 2009, he filed a one-page motion to quash his arrest and suppress statements (motion to suppress). A minute order for that day states that, on defendant's motion, the hearing on the rescission petition and the motion to suppress was continued. The next

entry of record, a minute order of April 3, 2009, states that the hearing on both the petition and the motion was "Continued Present." Next, a minute order for April 24, 2009, states that, on the court's motion, the hearing on both the petition and the motion was continued.

¶ 4    On May 22, 2009, the trial court, Judge Diane E. Winter presiding, granted defendant's rescission petition but took no action on his motion to suppress. A minute order for May 22, 2009, states, "Trial Priority Date Set" without elaboration. The next entry of record is a minute order of July 17, 2009, reading, as pertinent here, "Trial Priority" and "Set Jury Trial Date."

¶ 5    On July 28, 2009, on the court's motion, per Judge Lawler, the trial was continued to September 8, 2009, the written order explaining, "Attorney Unavailable." On September 8, 2009, the court, on its own motion, per Judge Lawler, continued the trial to September 29, 2009, the written order stating, "Judge Unavailable."

¶ 6    On September 29, 2009, defendant moved to dismiss the charge, alleging a violation of his statutory right to a speedy trial. The motion incorrectly stated that the pertinent period was 120 days, the time limit in section 103–5(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/103–5(a) (West 2008)), which applies to defendants in custody. As defendant later conceded, his claim arose under section 103–5(b) (725 ILCS 5/103–5(b) (West 2008)), with a term of 160 days.

¶ 7    Defendant's motion alleged the following facts. On February 20, 2009, defendant filed his rescission petition and his speedy-trial demand, and the court scheduled the hearing on the rescission petition for March 13, 2009. On March 13, 2009, defendant moved for and obtained a continuance, and the matter was set for a hearing on April 3, 2009. On April 3, 2009, and again on April 24, 2009, the court continued the cause on its own motion, the latter time to May 22, 2009. On May 22, 2009, the court granted the rescission petition. Also on May 22, 2009, the matter was set "for trial priority to be held on July 17, 2009." On July 17, 2009, both sides answered ready, and the trial was set for July 28, 2009. On July 28, 2009, and on September 8, 2009, both times on the court's motion, the trial was continued, the latter time to September 29, 2009. Defendant argued that, by then, the speedy-trial term had expired.

¶ 8    Plaintiff filed a response to defendant's motion, noting first that the proper speedy-trial provision in this case was section 103–5(b). Plaintiff then argued as follows. On March 13, 2009, defendant filed his motion to suppress. According to plaintiff, the delay up until March 13, 2009, and the further delay caused by the proceedings on the motion to suppress were attributable to defendant. Plaintiff contended that only the delay from May 22, 2009, to September 29, 2009–130 days–was not attributable to defendant.

¶ 9    Defendant replied as follows. As of September 29, 2009, 179 days had passed since he had demanded a speedy trial. The crucial continuances were those granted on April 3, 2009, and April 24, 2009, both of which "were by motion of the court" and thus not attributable to him. Adding the period from April 3, 2009, to May 22, 2009, made the total delay not attributable to defendant 179 days–19 days more than allowed.

¶ 10    After hearing arguments, Judge Lawler denied defendant's motion. The court's written order states that the denial was based on *Hampton*, "in that defendant failed to object based on a speedy trial violation on September 8, 2009[,] when his case was set for trial." Defendant moved to reconsider, arguing that *Hampton* is limited to the construction of section 103–5(a). Citing *People v. Cordell*, 223 Ill. 2d 380 (2006), defendant argued that section 103–5(a) differs crucially from section 103–5(b). As pertinent here, the sections state:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***. *Delay shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record. ****

\*\*\*

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date [the] defendant demands trial unless delay is occasioned by the defendant ***." (Emphasis added.) 725 ILCS 5/103–5(a), (b) (West 2008).

¶ 11   Defendant contended that, because the emphasized language is not in section 103–5(b), *Hampton* cannot be applied to a speedy-trial issue arising thereunder. Thus, he reasoned, his alleged failure to object when the judge set the trial for September 29, 2009, was irrelevant.

¶ 12   Plaintiff responded that, although *Hampton* involved a speedy-trial claim under section 103–5(a), its reasoning applies equally to one under section 103–5(b): a defendant should not be able to remain silent when the trial court sets his trial beyond the statutory period, then later maintain that he was denied his right to a speedy trial. Plaintiff contended that, at the September 8, 2009, hearing, defendant did not object to the setting of the September 29, 2009, trial date.

¶ 13   The trial court, Judge Joseph R. Waldeck presiding, held a short hearing on defendant's motion to reconsider. Judge Waldeck held first that *Hampton* is limited to speedy-trial claims arising under section 103–5(a). Turning to the specifics of defendant's claim, he then stated as follows. As of April 3, 2009, the speedy-trial clock had not started. However, the continuances of April 3, 2009, and April 24, 2009, were on the trial court's motion and therefore counted against the 160-day limit. The remaining continuances were not attributable to defendant. Thus, by September 29, 2009, the period had expired. The trial court dismissed the case, and plaintiff appealed.

¶ 14   On appeal, plaintiff contends first that *Hampton* applies here, even though defendant's speedy-trial claim is based on section 103–5(b) and not section 103–5(a). Plaintiff therefore reasons that, because defendant did not object when Judge Lawler elected to set the trial beyond the 160-day statutory period, he may not now obtain the dismissal of the charge. Defendant responds that section 103–5(b) omits the affirmative obligation that section 103–5(a) imposes on a defendant and that *Hampton* is limited to section 103–5(a).[1] For the reasons that follow, we agree with defendant.

¶ 15   Plaintiff's argument raises a question of statutory construction, which we review *de novo*. *People v. Tidwell*, 236 Ill. 2d 150, 156 (2010). We seek to effectuate the legislature's intent. *Id.* The best guide to this intent is the statutory language itself; if the language is unambiguous, we must apply it directly. *Id.* at 157. We may not read in additions, exceptions, or limitations that the legislature did not express. *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009).

¶ 16   Section 103–5 contains two subsections. Subsection (a) applies when a defendant is in custody, and it provides that the defendant must be tried within 120 days from the date that he

---

[1]Defendant does not dispute Judge Lawler's finding that, at the September 8, 2009, hearing, defendant did not object when the judge scheduled the trial for September 29, 2009. The record does not include any report of the hearing, so there is no basis for us to disturb the finding in any event.

was taken into custody (with certain exclusions). It also states plainly that delay shall be attributed to the defendant unless he or she objects in one of two prescribed ways. 725 ILCS 5/103–5(a) (West 2008). Subsection (b), by contrast, applies to a defendant who is released on bail or recognizance, and it provides that the defendant must be tried within 160 days of when he demands trial (with the same exclusions as in subsection (a)). Section (b) omits *any* statement that delay shall be attributable to the defendant unless he or she objects.

¶ 17    Plaintiff, in effect, asks us to read an addition, exception, or limitation into section 103–5(b), one that conflicts with the legislature's unambiguous choice of words. The legislature was capable of incorporating a duty to object into section 103–5(b) (as in section 103–5(a)). However, it chose not to do so. A statute cannot be amended or modified by judicial fiat. In interpreting a statutory provision, we are obligated to apply its plain meaning. *People v. Dixon*, 359 Ill. App. 3d 938, 941 (2005).

¶ 18    Plaintiff maintains, however, that, under *Hampton*, out-of-custody defendants have the same duty to object as do in-custody defendants. According to plaintiff, *Hampton* created, or recognized, a duty based on fairness: if a defendant acquiesces in the court's decision to set his trial beyond the statutory period, then he should not be able to complain later that he was denied a speedy trial. We cannot accede to the correctness of this assertion. Whatever the philosophical appeal of such a doctrine, it has no support in the case law, any more than in the statutory language that applies to this case.

¶ 19    Although plaintiff emphasizes *Hampton* (as did Judge Lawler), our opinion there was based on *Cordell*, which, like *Hampton*, involved a claim under section 103–5(a). Therefore, we first discuss *Cordell* to explain why it does not support plaintiff's reading of section 103–5(b).

¶ 20    In *Cordell*, the defendant contended that his trial counsel had been ineffective for failing to object to the alleged violation of his right to a speedy trial. *Cordell*, 223 Ill. 2d at 385. Thus, the underlying issue was whether, in fact, section 103–5(a) had been violated. That, in turn, depended on whether the delay caused by continuing the trial to a date beyond the 120-day limit was attributable to the defendant. The appellate court said that it was not, because the defendant had not affirmatively requested or explicitly agreed to the trial court's scheduling decision. *Id.* at 384-85.

¶ 21    In reversing the appellate court, the supreme court began by discussing the amendment that had added the duty to object in section 103–5(a). The court observed that, in *People v. Healy*, 293 Ill. App. 3d 684 (1997), issued before the amendment was enacted, the appellate court reversed the defendant's conviction, holding that he was not responsible for a crucial series of continuances that were granted on the State's motion. The defendant had not objected to the continuances; indeed, in response to the State's final request, his attorney suggested the date that the trial court set. The appellate court held that the defendant had acquiesced in, but not agreed to, the continuances, so that the delay could not be charged to him. *Id.* at 694. The court reasoned that, under section 103–5(a), the defendant had no duty to inform the trial court that the speedy-trial term was about to expire; bringing the defendant to trial in time was the State's responsibility. *Id.*

¶ 22    *Cordell* noted that, effective January 1, 1999, section 103–5(a) was amended in order to prevent a recurrence of *Healy*. *Cordell*, 223 Ill. 2d at 388; see Pub. Act 90–705, §5 (eff. Jan. 1, 1999). Now, a defendant may use section 103–5(a) as a "shield" to prevent an untimely trial, but not as a "sword" to defeat a conviction after the fact. *Cordell*, 223 Ill. 2d at 390. Thus, in the case before it, the supreme court explained:

"[W]hen the trial court set a date for trial that fell outside of the 120-day limit of section 103–5(a), it was 'delaying' trial and defendant was obligated to object in order to prevent the speedy-trial clock from tolling.

Having determined that the setting of a trial date beyond the 120-day period provided by section 103–5(a) was in fact a 'delay,' we now turn to the question of *whether defendant objected in the manner prescribed by section 103–5(a)*." (Emphasis added.) *Id.* at 390-91.

¶ 23 The court held that the defendant had failed to make the proper objections. It then noted, "As amended, section 103–5(a) places the onus on a defendant to take affirmative action when he becomes aware that his trial is being delayed." *Id.* at 391.

¶ 24 We conclude that *Cordell* based its holding on the specific language of section 103–5(a) and on its legislative history. The court did not rely on a general principle of fairness or forfeiture that would require *any* defendant to object to a proposed continuance that would place his trial date outside the applicable statutory period. Notably, the court did not hold that *Healy* had been wrongly decided–under the old section 103–5(a), a defendant indeed had no duty to object. Additionally, the court did not hold that, by some sort of linguistic osmosis, the amendment made only to section 103–5(a) flowed through to section 103–5(b), which the legislature had left alone.

¶ 25 *Hampton* is no more expansive than *Cordell*. As pertinent here, it did no more than apply *Cordell*'s construction of section 103–5(a) to facts that also arose under section 103–5(a). *Hampton* held that, because the defendant did not object when the trial court set a trial date outside the 120-day limit, he could not prevail on his speedy-trial claim. *Hampton*, 394 Ill. App. 3d at 688-89. As was the supreme court's opinion in *Cordell*, our opinion in *Hampton* was tied to the language of section 103–5(a), which gave rise to the duty to object. *Id.*

¶ 26 In sum, we agree with defendant that *Cordell* and *Hampton* do not undercut the plain meaning of section 103–5: a defendant who proceeds under section 103–5(a) has a duty to object when the trial court sets a trial date outside the statutory period, but a defendant who proceeds under section 103–5(b) has no such duty. To the extent that this differential treatment of in-custody defendants and out-of-custody defendants is undesirable, it is the province of the legislature to amend the statute, as it did in response to *Healy*.

¶ 27 Before proceeding further, we find it necessary to address this court's earlier decision in *People v. DeCarlis*, 88 Ill. App. 3d 634 (1980). In *DeCarlis*, the defendant alleged ineffective assistance of counsel where his attorney failed to make a motion for discharge pursuant to section 103–5(b). *Id.* at 635. In that case, a question arose as to whether 32 days of delay were attributable to the defendant where this delay was caused by continuances the trial court made on its own motion. *Id.* at 637. The *DeCarlis* court, noting that the defendant never objected to continuing the case, found that the defendant had concurred in the delay and that it was therefore attributable to him. *Id.* at 638. The reviewing court found it particularly significant that, as part of its orders continuing the case, the trial court had admonished the parties that " 'if the reset date is inconvenient for counsel, please advise the court.' " *Id.* Initially, we note that *DeCarlis* is distinguishable from the instant case in that the trial court issued no similar admonishment here. Moreover, contrary to *DeCarlis*, numerous cases have subsequently held that delay will not be attributed to a defendant based upon a silent record. *E.g.*, *People v. Ladd*, 185 Ill. 2d 602, 608-09 (1999); *People v. Turner*, 128 Ill. 2d 540, 553 (1989). Indeed, as we explained above, section 103–5(b) contains no requirement that a defendant make any objection when a trial court continues a case beyond the statutory period. Thus, *DeCarlis* is flatly inconsistent with the plain

-6-

language of the statute.

¶ 28 We now turn to plaintiff's second argument on appeal: that the trial court erred in calculating the delay that was not attributable to defendant. At the trial level, defendant conceded that the speedy-trial clock did not start any earlier than April 3, 2009. Plaintiff conceded that, absent a duty to object, defendant was not responsible for any of the delay from May 22, 2009, to September 29, 2009–a total of 130 days. This left the parties to battle over the period between April 3, 2009, and May 22, 2009–a total of 49 days. In dismissing the charge, the trial court held that the pertinent continuances, both having been on the court's motion, could not be attributed to defendant.

¶ 29 On appeal, plaintiff contends that the period from April 3, 2009, to May 22, 2009, should have been charged to defendant, because he occasioned the delay caused by the need for plaintiff to respond to the motion to suppress and for the trial court to rule on it. For the reasons that follow, we disagree.

¶ 30 The trial court's ruling dismissing the charge must be affirmed unless plaintiff can establish that the court abused its discretion. *People v. Bowman*, 138 Ill. 2d 131, 137 (1990). We note again that the record on appeal consists only of the common-law record and one transcript, that of the hearing on defendant's motion to reconsider the original ruling on defendant's motion to dismiss. We lack reports of hearings that might shed light on why the two continuances at issue were granted; why the trial was delayed at other times; and why, when defendant moved to dismiss the charge, the trial court had yet to rule on his motion to suppress. To the extent that the record is incomplete, we must construe any resultant ambiguity against plaintiff as the appellant. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *People v. Reimolds*, 92 Ill. 2d 101, 107 (1982).

¶ 31 Plaintiff faces difficulties in demonstrating that, excluding delays attributable to defendant, the 160-day statutory period had yet to run when defendant moved to dismiss the charge. Because the trial court agreed with defendant that the total delay not attributable to him was 179 days, plaintiff must establish that at least 19 of the 49 days at issue were chargeable to defendant. Plaintiff contends that the proceedings necessitated by defendant's motion to suppress caused sufficient delay to meet this threshold, but plaintiff does not detail why this is so. Instead, plaintiff relies on the general rule that, when a defendant files a pretrial motion, he is chargeable with the time associated with processing the motion, including the time that the State (or plaintiff) needs to respond and the court needs to rule. *People v. Erickson*, 266 Ill. App. 3d 273, 276 (1994).

¶ 32 As a threshold matter, even in the context of a defendant's pretrial motion, delay may be attributed to a defendant only if his actions did in fact cause or contribute to a delay. *Ladd*, 185 Ill. 2d at 608-09. Moreover, the defendant is not responsible for delay caused by crowded dockets and prosecutorial caseloads. *People v. Schmidt*, 233 Ill. App. 3d 512, 516 (1992). Finally, "delay will not be attributable to the defendant from a silent record." *Ladd*, 185 Ill. 2d at 609.

¶ 33 For example, in *Ladd*, 185 Ill. 2d at 613, our supreme court affirmed the dismissal of the charges against the defendant on speedy-trial grounds. In that case, the defendant had made a motion to dismiss the charges (on grounds other than a speedy-trial violation). The motion was set to be heard on July 12, 1995. No one appeared for the hearing, apparently because the assistant State's Attorney handling the case was on vacation. The motion was not resolved until October. Meanwhile, on August 14, 1995, the defendant filed a motion for discharge on speedy-trial grounds. The trial court denied the motion, finding much of the delay in bringing the defendant to trial attributable to him due to his earlier motion to dismiss. The appellate court

reversed, and the supreme court agreed with the appellate court. It first acknowledged the general rule that a delay caused by a defense motion is attributable to the defendant. *Ladd*, 185 Ill. 2d at 608. The court then explained that, though the defendant had moved to dismiss the charges, the general rule was inapplicable because there was no explanation why the motion had not been heard on July 12 (though, in a later hearing, it became apparent that the assistant State's Attorney was on vacation). *Id.* at 608. Thus, the court concluded that nothing showed that the defendant's motion contributed to the delay past July 12. *Id.* at 608-09. Accordingly, delay after that date was not attributable to the defendant, and his speedy-trial right had been violated. *Id.* at 609. Similarly, in this case, there is no indication that defendant contributed to the delay after the point at which both parties answered ready on April 3, 2009. See also *People v. Baker*, 273 Ill. App. 3d 327, 330 (1995) ("Furthermore, where a defendant has made an open-ended request for a continuance, the delay will not terminate and the speedy trial period will not begin to run again until the defendant appears, ready for trial."), *abrogated on other grounds by People v. Dockery*, 313 Ill. App. 3d 684, 688 (2000).

¶ 34 Here, on the matters pertinent to whether the trial court abused its discretion in allocating responsibility for the delays at issue, the record is either silent or affirmatively hostile to plaintiff's position. The trial court stated that both of the continuances at issue were on its own motion. Defendant's motion to suppress was a one-page "boilerplate" document that raised only the question of whether the arresting officer had had reasonable suspicion to stop defendant–an issue that the rescission petition also raised, along with others limited to the rescission context (*i.e.*, whether defendant was read the warning to motorists and whether he refused blood- or breath-alcohol testing).

¶ 35 We find no legal basis to conclude that any delay associated with processing the motion to suppress, beyond what defendant has conceded, should have been charged to him under the facts of this case. Moreover, a sentence in plaintiff's reply brief undercuts plaintiff's own argument. Citing the April 3, 2009, minute order, plaintiff states that, on that date, "both sides answered ready for *hearing* on defendant's [rescission] petition and motions, not for trial." (Emphasis in original.) Plaintiff *concedes* that, on April 3, 2009, both parties were ready to proceed on defendant's motion to suppress. If this is so–which we may presume to the extent that it supports the judgment on appeal–then we cannot agree that a continuance granted on the court's motion represents delay attributable to defendant. See also *People v. Hawkins*, 212 Ill. App. 3d 973, 983-84 (1991) (holding that delays caused by trial court's inability to bring the defendant to trial due to its crowded calendar were not attributable to the defendant). Here, the record reveals that the continuances of April 3, 2009, and April 24, 2009, were based on matters outside defendant's control or responsibility, such as the court's busy schedule. In any event, plaintiff has completely failed to show otherwise.

¶ 36 Accordingly, the judgment of the circuit court of Lake County is affirmed.

¶ 37 Affirmed.