## COY GENE TERRAL, APPELLANT, v. STATE OF NEVADA, RESPONDENT.

No. 5319

June 17, 1968                    442 P.2d 465

*Michael L. Hines* and *C. R. Tice,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City, *George E. Franklin, Jr.,* District Attorney, and *James L. Buchanan, II,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

The controlling question is whether one may be lawfully convicted of the crime of larceny from the person when the property taken was near the victim but not on his person. We hold that the conviction is not authorized and must be set aside.

The record shows that Terral snatched gaming tokens of the value of $250 from a crap table rack immediately in front of the victim who was gambling at the Dunes Casino. For such conduct he was charged with grand larceny and also larceny from the person. The jury acquitted him of grand larceny, but found him guilty of larceny from the person. At a subsequent court hearing Terral was adjudged an habitual criminal and sentenced accordingly. In doing so the court used the conviction of larceny from the person as the third felony conviction. Since that conviction cannot be sustained the finding of habitual criminality and the sentence therefor is also invalid.

The statutory crime of larceny from the person requires that money, property or thing of value be taken "from the person of another."[1] The state contends that the quoted phrase should be construed to embrace property taken from the "presence" of another, citing Banks v. State, 40 S.E.2d 103 (Ga.App. 1946), and State v. Kobylasz, 47 N.W.2d 167 (Iowa 1951). We reject this contention and the reasoning of the Banks and Kobylasz cases.

Larceny from the person was first recognized as a crime distinct from simple larceny by the Statute of 8 Elizabeth in the 16th century. It was meant to cover the common crime of pickpocketing, and from the beginning required "an actual

---

[1] NRS 205.270 read: "Every person who, under circumstances not amounting to robbery, shall, with intent to steal or appropriate to his own use, take from the person of another, without his consent, any money, property or thing of value, shall be punished by imprisonment in the state prison for not more than 14 years." Punishment amended, 1967.

taking from the person; a taking from his presence was not sufficient as it was in robbery." State v. Chambers, 46 Am.Rep. 550, 554 (W.Va. 1883). The crime is not committed if the property is taken from the immediate presence, or constructive control or possession of the owner. People v. McElroy, 48 P. 718 (Cal. 1897); Wilder v. State, 1 So.2d 317 (Ala.App. 1941); People v. DeVaughn, 218 P. 1020 (Cal.App. 1923). Other crimes may be committed in those circumstances, but not the crime of larceny from the person. The statutory words "from the person" mean precisely that.

It is important to restrict the coverage of NRS 205.270 to pickpockets, purse snatchers, jewel abstracters and the like, since larceny from the person is a felony, and the value of the property taken is immaterial so long as it has some value. The gravaman of the offense is that the person of another has been violated and his privacy directly invaded. Thus, an item of little value, $100 or less, if snatched from the person of another will subject the offender to punishment as a felon, whereas the same item, if taken from his "presence," and not from his person, would constitute the misdemeanor of petty larceny. If we were to confuse the statutory language and rule that "from the person of another" also means "from the presence of another," an accused in some instances could be charged with either a felony or a misdemeanor—a possibility which the legislature did not intend and has carefully precluded by clear language.

Reversed.

COLLINS, ZENOFF, BATJER, JJ., and YOUNG, D. J., concur.