THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNIE L. SIMS, Defendant-Appellant.

Third District    No. 3—92—0217

Opinion filed June 1, 1993.

Edwin J. Anderson, of State Appellate Defender's Office, of Mount Vernon, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

Following a jury trial, the defendant, Johnnie L. Sims, was convicted of theft of property from the person (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a)(1), (b)(4)). The defendant was sentenced to a term of five years in the Department of Corrections.

The defendant raises two issues on appeal: (1) whether he was proved guilty beyond a reasonable doubt of theft of property from the person; and (2) whether he was denied his right to a fair trial because the prosecutor failed to inform him that a State witness had prior criminal convictions.

We find the defendant was not denied his right to a fair trial. However, we conclude the evidence presented at trial was not sufficient to prove the defendant guilty of the offense of theft of property from the person. Further, because we find the evidence sufficient to support a conviction of theft of property under $300, we reduce the degree of the conviction from theft of property from the person (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a)(1), (b)(4)) to the lesser-included offense of theft of property under $300 (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a)(1), (b)(2)) and remand the cause to the trial court for resentencing.

The evidence presented during the trial established that Diana Hillman was shopping at the East Peoria Wal-Mart store on January 13, 1991. She was with her mother and her two small children. Her two-year-old son was in the child seat of her shopping cart. Her purse was in the cart next to the child. Hillman testified that she saw the defendant in the toy department of the store when her shopping cart

bumped into the defendant's shopping cart. Later, Hillman turned away from her shopping cart to look at merchandise displayed in an aisle of the store. She was then about 2½ feet away from her shopping cart. She heard her son fussing and turned toward him. As she turned around, Hillman saw the defendant leaving the aisle and noticed that her purse was missing from her shopping cart.

Hillman and her mother approached the defendant and retrieved Hillman's purse from underneath the defendant's coat. The women then held the defendant until a security employee and the assistant store manager arrived. The defendant testified at trial and denied taking the purse.

Based on this evidence, the jury found the defendant guilty of both theft of property under $300, a Class 4 felony because of the defendant's prior convictions (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(2)), and theft of property from the person, a Class 3 felony (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(4)). The trial court entered a conviction only on the offense of theft of property from the person. The court then sentenced the defendant to a term of five years' imprisonment.

On appeal, the defendant first argues the State failed to prove him guilty beyond a reasonable doubt of the offense of theft of property from the person. He contends the record shows that the victim did not have any property taken from her person. Furthermore, the evidence indicates that Hillman was 2½ feet away, looking in another direction and unaware of the theft, when the defendant removed Hillman's purse from the shopping cart.

Section 16—1 of the Criminal Code of 1961 (Code) provides that a person commits theft when he knowingly "[o]btains or exerts unauthorized control over property of the owner" (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(a)(1)) and that "[t]heft of property from the person not exceeding $300 in value *** is a Class 3 felony" (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(4)).

The State relies on *People v. Jackson* (1987), 158 Ill. App. 3d 394, 511 N.E.2d 923, and argues that taking property from the presence of the victim is sufficient to constitute theft of property "from the person." However, we find *Jackson* is distinguishable based on the record in the instant appeal.

In *Jackson*, the victim was returning to his car at a rest stop. The defendant approached the victim, pushed him against the car and reached into his pocket trying to find his wallet. The defendant then opened the car door and removed the victim's wallet from underneath the driver's seat. The defendant also removed the victim's car keys

from the ignition and a radio-cassette player from the backseat. (*Jackson*, 158 Ill. App. 3d at 395-96, 511 N.E.2d at 924.) The *Jackson* court concluded the defendant was properly convicted of theft of property from the person. In *Jackson*, the court held that "the words 'from the person' in section 16—1 include the taking of property not only from the actual person of the victim but also from the presence of the victim." *Jackson*, 158 Ill. App. 3d at 399, 511 N.E.2d at 926.

We agree with the *Jackson* court's reasoning based on the evidence in that case. The defendant in *Jackson* pushed the victim against his car, reached into the victim's pocket and then took various items of property out of the victim's car. The defendant clearly detained and searched the victim before taking his property.

However, we conclude the evidence here requires a different conclusion than the fifth district's holding in *Jackson*. Here, in contrast to *Jackson*, the defendant removed Hillman's purse from her shopping cart when she was several feet away, looking in another direction, and at a time when she was unaware of the theft. The defendant in the case at hand did not detain Hillman or search her for objects on her person. Based on these facts, we find the evidence was not sufficient to sustain a conviction of theft of property from the person.

While we have agreed with the result in *Jackson*, we do not follow its broad holding. We determine that more evidence is required to support a conviction of theft of property from the person than the mere taking of property from the presence of a victim who is unaware of the theft which occurred several feet away from her person.

■ We hold that theft of property from the person occurs when property is actually taken from the victim's person (see *People v. Williams* (1976), 42 Ill. App. 3d 134, 138, 355 N.E.2d 597) or when the victim has been detained or searched as in *Jackson* or when the victim's privacy has been directly invaded at the time the property is taken (see *Terral v. State* (1968), 84 Nev. 412, 414, 442 P.2d 465, 466 (the offense of theft from the person occurs when "the person of another has been violated and his privacy directly invaded")).

The State also relies upon *People v. Blake* (1991), 144 Ill. 2d 314, 579 N.E.2d 861, in arguing that the defendant's conviction of theft of property from the person should be affirmed. In *Blake*, our supreme court affirmed the defendant's robbery conviction. The evidence in *Blake* established that property was taken from the first floor of a home while the victims were held by force on the second floor of the home. The supreme court held this evidence was sufficient to establish that the property was taken from the presence of the victims. While we have no disagreement with the supreme court's reasoning in

*Blake*, we conclude that its holding does not apply to the situation here.

Section 18—1(a) of the Code provides that a "person commits robbery when he takes property from the person *or presence* of another by the use of force or by threatening the imminent use of force." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 18—1(a).) The "forcible taking of property is thus the gravamen of the offense and serves to distinguish robbery from theft." (*People v. Saxon* (1992), 226 Ill. App. 3d 610, 618, 588 N.E.2d 1235, 1241; see also *People v. Patton* (1979), 76 Ill. 2d 45, 48-52, 389 N.E.2d 1174, 1175-77.) We note the robbery statute describes an entirely different offense than theft of property from the person. We find the robbery statute is distinguishable from the statute in the instant appeal.

The robbery statute specifically states that robbery is committed when the property is taken from the presence of the victim. The theft statute does *not* contain such language but instead provides that theft of property under $300 is a Class 3 felony if the property is taken from the person. (Ill. Rev. Stat. 1991, ch. 38, par. 16—1(b)(4).) Consequently, we determine that cases construing the robbery statute are not applicable to the issue raised in this appeal.

Under Supreme Court Rule 615(b)(3) (134 Ill. 2d R. 615(b)(3)), a reviewing court has the authority to reduce the degree of the offense of which a defendant was convicted when the evidence fails to prove beyond a reasonable doubt an element of the greater offense. (*People v. Kick* (1991), 216 Ill. App. 3d 787, 792, 576 N.E.2d 395, 398.) This authority is only available where a lesser-included offense is involved. *People v. Williams* (1991), 222 Ill. App. 3d 129, 138, 582 N.E.2d 1158, 1164; *Kick*, 216 Ill. App. 3d at 792, 576 N.E.2d at 398.

■ Here, we have determined the evidence was not sufficient to prove beyond a reasonable doubt that the defendant committed the offense of theft of property from the person. However, we do conclude that the evidence was clearly sufficient to find the defendant guilty of the lesser-included offense of theft of property under $300. Accordingly, we reduce the degree of the defendant's conviction to theft of property under $300 (Ill. Rev. Stat. 1991, ch. 38, pars. 16—1(a)(1), (b)(2)) and remand for resentencing.

The defendant also contends he was denied his right to a fair trial because the State failed to inform him that one of the State's witnesses had prior criminal convictions. The defendant argues that impeachment of this witness by the use of his prior criminal convictions was crucial to his defense. We disagree.

A prosecutor's failure to disclose evidence which could be used by the defense to impeach a witness is error. (*People v. Black* (1991), 207 Ill. App. 3d 304, 307, 566 N.E.2d 4, 7.) However, the failure to comply with discovery requirements does not necessitate a new trial in all instances. (*People v. Harris* (1988), 123 Ill. 2d 113, 151, 526 N.E.2d 335, 351.) A new trial is warranted only if the defendant is prejudiced by the discovery violation and the trial court failed to eliminate the prejudice. (*Harris*, 123 Ill. 2d at 151-52, 526 N.E.2d at 351.) "Evidence is material *only* if there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different." (Emphasis added.) *Black*, 207 Ill. App. 3d at 307-08, 566 N.E.2d at 7.

The witness the defendant refers to was a Wal-Mart employee. The witness testified he heard Hillman say to the defendant, "give me back my purse." The witness also testified he had seen the defendant in the store several hours before this incident.

■ Based upon our review of the record, we conclude the testimony of the Wal-Mart employee was cumulative and relatively unimportant. Both Hillman and her mother testified they retrieved Hillman's purse from the defendant. We find there was overwhelming evidence of the defendant's guilt of theft of property under $300. Therefore, any impeachment of the Wal-Mart employee's testimony would not have changed the result in this case. As a result of our reasoning, we determine the discovery violation was harmless error. See *People v. Young* (1989), 128 Ill. 2d 1, 42-45, 538 N.E.2d 461, 469-71.

For the reasons indicated, the judgment of the circuit court of Tazewell County is reversed and the degree of the defendant's conviction is reduced to theft of property under $300. Accordingly, the cause is remanded to the trial court for resentencing.

Reversed and remanded.

STOUDER and SLATER, JJ., concur.