THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAE D. HARRELL, Defendant-Appellant.

Second District    No. 2—02—0026

Opinion filed August 20, 2003.

G. Joseph Weller and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Sharmila Roy, of Naperville, for the People.

JUSTICE McLAREN delivered the opinion of the court:

After a stipulated bench trial, defendant, Jae D. Harrell, was convicted of two counts of theft from the person (720 ILCS 5/16—1(a), (b) (West 2000)), theft (720 ILCS 5/16—1(a) (West 2000)), and possession of drug paraphernalia (720 ILCS 600/3.5 (West 2000)). Defendant appeals, contending that (1) the State failed to prove beyond a reason-

able doubt that he took property from a person where the evidence showed that he stole a purse from a shopping cart that was merely near the victim; (2) his three convictions of theft violate the one-act, one-crime rule; and (3) the State did not prove beyond a reasonable doubt that he possessed drug paraphernalia where there was no evidence that the glass pipe he possessed was specifically marketed for use in ingesting drugs. We affirm in part, reverse in part, and vacate in part.

On January 22, 2001, Marie Campbell and her husband, Arthur, were shopping at Dominick's in Elmhurst. After they finished shopping, Marie pushed her cart out to the couple's car. Her purse was in the baby seat. When they reached the car, Arthur opened the trunk. At this time, a white male with dark clothing approached Marie from the rear, reached around her, and grabbed her purse from the cart. She did not see his face. The thief ran to a small, white car, and left.

Officer James Wadycki went to Dominick's and spoke to the Campbells. Marie said that her purse contained a cell phone, wallet, credit cards, $50 in cash, and a bank envelope with five $20 bills. While Wadycki was talking to the victim, an unidentified person handed him a slip of paper with the license number T285901, stating that this was the license number of the offender's car.

While still at Dominick's, Wadycki learned that Sergeant Buenz had pulled over a car with license number T285901. The driver matched the victim's general description of the thief. Marie was driven to the scene of the traffic stop and identified defendant, who had been driving the car, as the offender. The police found $50 in cash in the glove compartment.

Defendant and his passenger, Roger Pokosa, were arrested. Defendant gave a statement in which he admitted stealing the purse. He said that he and Pokosa had driven to Chicago earlier that day to purchase crack cocaine, but had since run out of drugs. They drove to Elmhurst to see a girl whom defendant knew, but she was not at home. They drove to the nearby Dominick's so defendant could buy a screwdriver to retrieve a crack pipe that had become lodged in the center console of the car. In the parking lot, he decided to steal Marie's purse.

Pokosa's statement generally corroborated defendant's. He added that defendant gave him the purse as they were driving away. He removed $50 and threw the purse away on Washington Street.

Police looked for the purse but could not find it, although they found Marie's cell phone. Later, Lawrence Reiger, who lives at 424 North Washington, called the police to report that his son had found a purse in front of their home. Marie identified the purse as hers. After

the police impounded defendant's car, a canine unit searched it. In the center console, police found a glass smoking pipe with cocaine residue.

Defendant was charged with two counts of theft from the person, one count of theft, and possession of drug paraphernalia. Defendant agreed to a stipulated bench trial at which the court considered the police reports. Defendant argued that he was not guilty of theft from the person because he did not take the purse from Marie's person, but merely from her presence. The trial court disagreed and found him guilty on all counts. The court later sentenced him to Treatment Alternatives for Safe Communities (TASC) probation.

Twenty-four days after sentencing, defendant filed a posttrial motion. Although defendant now concedes that the motion was untimely, the State argued against the motion without objecting to its late filing. After the court denied the motion, defendant filed a notice of appeal.

■ Before reaching the merits, we briefly address a potential jurisdictional issue that the parties discuss. Although the posttrial motion was admittedly filed late, the State concedes that appellate jurisdiction is proper because the State participated in the hearing without objection. See *People v. Kaeding*, 98 Ill. 2d 237, 240-41 (1983) (participating in hearing without objection revests trial court with jurisdiction). However, the State argues that defendant has waived all the issues he seeks to raise because only a *timely* posttrial motion preserves issues for review.

We need not decide whether an untimely posttrial motion waives the issues it raises. Two of defendant's issues involve the sufficiency of the evidence, which cannot be waived. See *People v. Enoch*, 122 Ill. 2d 176, 190 (1988); *People v. Bartlett*, 175 Ill. App. 3d 686, 690 (1988). We choose to review the remaining issue—whether defendant was properly convicted of three counts of theft based on a single act—as plain error. See 134 Ill. 2d R. 615(a).

■ On appeal, defendant first renews his contention that he was not proved guilty of theft from the person because the purse he stole was in a shopping cart and not on the victim's person. The Criminal Code of 1961 provides that a person commits theft when he knowingly "[o]btains or exerts unauthorized control over property of the owner." 720 ILCS 5/16—1(a)(1) (West 2000). Section 16—1(b) defines different classes of theft offenses based on the presence or absence of certain factors. For example, theft of property not from the person and not exceeding $300 in value is a Class A misdemeanor. 720 ILCS 5/16—1(b)(1) (West 2000). Relevant here, section 16—1(b)(4) provides, "[t]heft of property from the person not exceeding $300 in value *** is a Class 3 felony." 720 ILCS 5/16—1(b)(4) (West 2000).

■ As the State points out, theft from a person is not, strictly

speaking, a separate offense, but is merely a factor authorizing an enhanced sentence. The State acknowledges that this is a "distinction without a difference," given that under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the State must prove the enhancing factor beyond a reasonable doubt. Therefore, we will analyze the issue under the reasonable doubt standard.

■ Where a defendant challenges on appeal the sufficiency of the evidence, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). This issue also involves construing the theft statute, which is an issue of law that we review *de novo*. *People v. Harris*, 203 Ill. 2d 111, 116 (2003).

Apparently, only three Illinois cases have discussed what "theft from the person" means. In *People v. Williams*, 42 Ill. App. 3d 134 (1976), the defendant was convicted of attempted robbery after he handed a paper bag to a clerk at a dry cleaner and told her, "Put the money in." *Williams*, 42 Ill. App. 3d at 135. The appellate court reversed the defendant's attempted robbery conviction because there was no evidence of an implied threat, then proceeded to decide of what lesser included offense the defendant was guilty. The court rejected theft from the person because the defendant did not try to take money from the clerk's person, but only from the cash register, which was in her presence. *Williams*, 42 Ill. App. 3d at 138. The appellate court thus reduced the defendant's conviction to attempted theft. *Williams*, 42 Ill. App. 3d at 138-39.

In *People v. Jackson*, 158 Ill. App. 3d 394 (1987), the defendant pushed the victim against the outside of his car, reached around him, and took his wallet from under the front seat. *Jackson*, 158 Ill. App. 3d at 395. After considering conflicting authority from other jurisdictions, the appellate court upheld the defendant's conviction of theft from the person. The court opined that the "better view" is that the words " 'from the person' " include the taking of property from the presence of the victim. *Jackson*, 158 Ill. App. 3d at 399.

■ Most recently, in *People v. Sims*, 245 Ill. App. 3d 221 (1993), the appellate court reversed a conviction of theft from the person where the defendant took the victim's purse from a shopping cart. Evidence showed that the victim was 2½ feet from the cart and had her back turned to it as the defendant took the purse. She was not aware of the incident until she heard her son "fussing" in the cart and turned toward him. *Sims*, 245 Ill. App. 3d at 223. The court agreed with *Jackson*'s holding but distinguished it because the theft occurred several feet from the victim and she was not even aware of it. *Sims* went on to explain:

"We hold that theft of property from the person occurs when property is actually taken from the victim's person (see [*Williams*, 42 Ill. App. 3d at 138]) or when the victim has been detained or searched as in *Jackson* or when the victim's privacy has been directly invaded at the time the property is taken (see *Terral v. State* (1968), 84 Nev. 412, 414, 442 P.2d 465, 466 (the offense of theft from the person occurs when 'the person of another has been violated and his privacy directly invaded')).'' *Sims*, 245 Ill. App. 3d at 224.

■ We agree with the analysis of *Sims* although we reach a different result. Factually, this case is more like *Jackson*. The victim stated that defendant reached around her to take the purse from the cart. She must have been standing immediately next to the cart and was obviously aware of the theft as it occurred. These facts distinguish the case from *Sims*. Clearly, the victim's privacy was directly invaded. Thus, the evidence supports defendant's conviction of theft from the person.

Defendant seeks to contrast the theft-from-the-person statute with the robbery statute, which makes it a crime to take property "from the person or presence of another" by the use or threat of force. 720 ILCS 5/18—1(a) (West 2000). Defendant asserts that because the legislature expressly included the words "or presence" in the robbery statute, but not in the theft statute, it must have intended to exclude "from the presence" of a person from the definition of theft from the person. We disagree.

The legislature added the words "or presence" to the robbery statute to codify the holding of *People v. Braverman*, 340 Ill. 525 (1930). 720 ILCS Ann. 5/18—1, Committee Comments—1961, at 6 (Smith-Hurd 2003). *Braverman* noted that at common law the words "from the person of another" included taking property from the *presence* of another. *Braverman*, 340 Ill. at 530; see also *In re Welfare of D.D.S.*, 396 N.W.2d 831, 832 (Minn. 1986) (in enacting theft-from-the-person statute, legislature was aware of common-law definition of "from the person" as including "from the presence of the person"). Given this historical background, we do not believe that the legislature's adding "or presence" to the robbery statute to specifically codify *Braverman* should be accorded great significance in construing the theft statute.

Defendant also contends that the trial court erroneously found that the victim was pushing the shopping cart when he took the purse. This particular comment does not appear to be supported by the evidence, but given our conclusion that theft "from the person" includes theft from the presence of a person, whether the victim was actually pushing the cart at the time of the theft is irrelevant.

■ Defendant's second contention is that he should not have been convicted of three counts of theft based on a single act. Aside from its waiver argument, the State agrees that three convictions for a single theft are improper.

A defendant is prejudiced where multiple convictions are carved from the same physical act. *People v. King*, 66 Ill. 2d 551, 566 (1977). Objections to surplus convictions may be considered as plain error. *People v. Moshier*, 312 Ill. App. 3d 879, 881 (2000). Therefore, we vacate defendant's convictions on the second count of the superceding indictment charging theft from the person and on the information charging theft.

Defendant's final contention is that he was not proved guilty beyond a reasonable doubt of possessing drug paraphernalia because the statute defines "drug paraphernalia" as items "peculiar to and marketed for use in" growing, producing, storing, or ingesting drugs (see 720 ILCS 600/2(d)(5) (West 2000)) and the State did not prove that defendant's pipe was marketed for that purpose. Although this issue implicates the sufficiency of the evidence on this charge, the real question is the interpretation of the statute, an issue of law that we review *de novo*. *Harris*, 203 Ill. 2d at 116.

The Fourth District recently considered this issue in *People v. Reeves*, 326 Ill. App. 3d 1083 (2002). The court held that the statute's plain language provides that an item must be both "peculiar to" and marketed for use in growing, producing, storing, or ingesting drugs. Because the item in question was a homemade crack pipe, there was obviously no evidence that the device had ever been marketed for any purpose and the defendant's conviction had to be reversed. *Reeves*, 326 Ill. App. 3d at 1086.

*Reeves* notes that the statute in question was originally intended to prevent the sale or delivery of drug paraphernalia. The legislature added the section dealing with possession of such items later, but did not change the definition section. As *Reeves* observes, "Where one is charged with possession of drug paraphernalia, it should logically not be necessary to prove that any person marketed the item with the intent that the item be used to ingest drugs. Rather, it should only be necessary to prove that the person possessed the item 'with the intent to use it in ingesting, inhaling, or otherwise introducing cannabis or a controlled substance into the human body.' " *Reeves*, 326 Ill. App. 3d at 1085-86, quoting 720 ILCS 600/3.5(a) (West 2000). While acknowledging the possibility that the failure to tailor the definition of drug paraphernalia to a possession offense was a legislative oversight, the court felt constrained to apply the statute as written. *Reeves*, 326 Ill. App. 3d at 1086.

The *Reeves* analysis is sound. Although the requirement that an item have been marketed for a specific purpose may seem inappropriate to a possession offense, we must apply the plain statutory language. See *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993). Here, although defendant admitted that he used the pipe to smoke cocaine, there was no evidence about the pipe itself and whether it was marketed specifically for use as a crack pipe.

■ The State points out that the statute provides that its definitions should be used "unless the context otherwise requires." 720 ILCS 600/2 (West 2000). The State contends that, where defendant admitted using the pipe to ingest cocaine and there was no evidence that the pipe was useful for any other purpose, this is a case where the "context otherwise requires." The problem with this argument is that it proves too much. The restrictive definition of drug paraphernalia evidences a clear legislative intention to restrict the statute's reach to items useful only as drug paraphernalia and not to punish people for possessing innocent items, such as scales and matches, that are commonly used in the drug trade. Taken to its logical conclusion, the State's argument would eliminate this restriction entirely and permit punishment for owning innocuous items that are incidentally used in connection with drug possession or use. Moreover, we must construe criminal statutes narrowly in favor of the accused (*In re Detention of Tiney-Bey*, 302 Ill. App. 3d 396, 400 (1999)) and so that no portion of the statute is rendered meaningless (*Balmoral Racing Club, Inc. v. Topinka*, 334 Ill. App. 3d 454, 459 (2002)). Construing the statute in the way the State suggests would leave the definition of drug paraphernalia virtually open-ended, limited only by prosecutors' imaginations, and would render the lengthy specific definition essentially surplusage. As *Reeves* stated, "While this may be a legislative oversight, we are not allowed to ignore the clear language of the statute." *Reeves*, 326 Ill. App. 3d at 1086.

In summary, defendant's conviction on count I, charging theft from the person, is affirmed. Defendant's conviction of possession of drug paraphernalia is reversed. Defendant's remaining theft convictions are vacated.

The judgment of the circuit court of Du Page County is affirmed in part, reversed in part, and vacated in part.

Affirmed in part, reversed in part, and vacated in part.

HUTCHINSON, P.J., and BOWMAN, J., concur.