# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Colbert*, 2013 IL App (1st) 112935

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAPOLEON COLBERT, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-2935 |
| Filed | November 8, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for first degree felony murder predicated on mob action was upheld over his contentions that his conduct constituting mob action was inherent in the murder and was not committed with a purpose independent of the murder, that the trial court should have instructed the jury that the mob action had to have an independent felonious purpose other than the murder, and that his sentence was excessive, since the evidence showed defendant engaged in the mob action with the independent felonious purpose of intimidating students from a rival neighborhood faction, the mob action served as a predicate felony for felony murder, the trial court did not err in failing to give an instruction that the mob action had to have an independent felonious purpose other than the murder, and the sentence was a result of the court's balancing society's need for protection and defendant's rehabilitative potential. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-3600; the Hon. Nicholas J. Ford, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Tomas G. Gonzalez, all of
State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and
Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE HALL delivered the judgment of the court, with opinion.

Presiding Justice Rochford and Justice Reyes concurred in the judgment
and opinion.

## OPINION

¶ 1    Following a jury trial, defendant Lapoleon Colbert was found guilty of first degree felony murder based on the predicate felony of mob action in connection with the beating death of Derrion Albert. Defendant was sentenced to 32 years' imprisonment.[1] The trial court denied defendant's motion to reconsider sentence. He now appeals his conviction and sentence. We affirm.

¶ 2    The facts show that on the afternoon of September 24, 2009, a street brawl involving a number of individuals broke out near the front entrance and parking lot of the Agape Community Center, located on 111th Street in the Roseland neighborhood of Chicago, Illinois. The brawl stemmed from an ongoing feud between two factions of students attending nearby Fenger Academy High School. The two groups of students were from rival neighborhoods.

¶ 3    During the street brawl, Derrion Albert was fatally beaten. The incident was captured on a video surveillance camera located on the outside of the building housing the community center and on a cell phone video recording taken by a bystander. The bystander's video recording was copied into a slow motion version. The three video recordings were published to the jury. The video recordings show a number of young men strike the victim. In regard to the defendant, the video recordings show him kick the victim in his head and stomp the victim in his torso area as the victim lay motionless on the ground.

¶ 4    An autopsy revealed Albert suffered multiple abrasions and bruises to his face, lips,

---

[1]Codefendants Eric Carson, Eugene Riley, and Silvonus Shannon were also charged in connection with the fatal beating. Silvonus Shannon's conviction and 32-year prison sentence for first degree murder were affirmed on appeal. *People v. Shannon*, 2012 IL App (1st) 111433-U. Eugene Riley's conviction for first degree murder was affirmed on appeal (*People v. Riley*, 2013 IL App (1st) 112464-U); he did not challenge his 32-year prison sentence.

hands, chest, abdomen, and back. He died from cerebral hemorrhaging caused by blunt force trauma to his head. The manner of death was ruled a homicide.

¶ 5    Defendant was initially charged with three counts of murder: intentional murder, strong probability murder, and felony murder predicated on mob action. Prior to trial, the State dismissed the intentional and strong probability murder counts and elected to proceed solely on the one count of felony murder. Defense counsel objected.

¶ 6    Defense counsel argued that the State had elected to proceed only on the felony murder count to eliminate the possibility of a conviction for second degree murder based on imperfect self-defense. Over defense counsel's objections, the trial court allowed the State to proceed solely on the count of felony murder predicated on mob action.

¶ 7    Defendant's theory of defense at trial was that, although he kicked the victim in the head, he did not inflict the fatal blow and did not participate in the mob action. The jury found defendant guilty of first degree felony murder predicated on mob action in connection with the fatal beating.

¶ 8                                  ANALYSIS

¶ 9    Under the Criminal Code of 1961 (Code), a person commits the offense of felony murder when, without lawful justification, he causes a person's death while "attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9-1(a)(3) (West 2002). The particular felony defendant was charged with committing was mob action pursuant to section 25-1(a)(1) of the Code, which consists of the "use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law." 720 ILCS 5/25-1(a)(1) (West 2008).

¶ 10   Mob action is not listed among the crimes classified as forcible felonies. 720 ILCS 5/2-8 (West 2002). However, our courts have determined that mob action qualifies as a forcible felony because the term "forcible felony" includes not only those listed, but also those felonies coming within the purview of the statute's catch-all clause which reads, " 'any other felony which involves the use or threat of physical force or violence against any individual.' " *People v. Banks*, 287 Ill. App. 3d 273, 283 (1997) (quoting 720 ILCS 5/2-8 (West 1994)); see also *People v. Davis*, 213 Ill. 2d 459, 471 (2004) (mob action qualified as a forcible felony because it involved the use of force or violence against the victim).

¶ 11   In this case, the mob action was used as a predicate forcible felony to charge defendant with felony murder. "The purpose behind the felony-murder statute is to limit the violence that accompanies the commission of forcible felonies, so that anyone engaged in such violence will be automatically subject to a murder prosecution should someone be killed during the commission of a forcible felony." *People v. Belk*, 203 Ill. 2d 187, 192 (2003).

¶ 12   The offense of felony murder is unique in that, in order to commit felony murder, the defendant need not have had the intent to kill; rather, the defendant must have had the intent to commit the predicate forcible felony. *People v. Davison*, 236 Ill. 2d 232, 239-40 (2010) ("The offense of felony murder is unique because it does not require the State to prove the intent to kill, distinguishing it from other forms of first degree murder when the State must prove either an intentional killing or a knowing killing."); *People v. Dekens*, 182 Ill. 2d 247,

259 (1998) (Heiple, J., dissenting) ("In Illinois, the only type of first degree murder which does not require proof of a specific *mens rea*, or intent, on the part of the defendant is felony murder. [Citation.] The felony-murder doctrine thus stands as a substitute for intent in cases where the defendant's commission of a felony causes another person's death.").

¶ 13      "[C]oncern arose that the State would use felony murder charges to avoid the burden of proving intentional or knowing killings to obtain a first degree murder conviction and would effectively eliminate second degree murder charges, a concern that was especially paramount in cases where the same evidence is used to prove the predicate felony and the killing." *People v. Phillips*, 383 Ill. App. 3d 521, 535 (2008). To address this concern, our supreme court determined that "where the acts constituting forcible felonies arise from and are inherent in the act of murder itself, those acts cannot serve as predicate felonies for a charge of felony murder." *People v. Morgan*, 197 Ill. 2d 404, 447 (2001). Thus, in order to support a charge of felony murder, the predicate felony underlying the charge of felony murder must have an independent felonious purpose, *i.e.*, it must have some independent motivation or purpose apart from the murder itself. *People v. Alvarez-Garcia*, 395 Ill. App. 3d 719, 733-34 (2009).

¶ 14      Defendant now contends on appeal that his felony murder conviction should be reversed because the conduct constituting the mob action was inherent in the murder itself and was therefore not committed with an independent felonious purpose. To resolve this issue, we must review the factual context surrounding Albert's murder. See *People v. Toney*, 337 Ill. App. 3d 122, 132 (2003) ("the factual context surrounding the murder is critical in determining whether the forcible felony can serve as a predicate felony for felony murder").

¶ 15      Based on our review, we find that defendant's conduct in participating in the mob action did not arise from and was not inherent in the murder of Albert but, rather, involved conduct with an independent felonious purpose other than the murder itself. Evidence was presented showing the mob action stemmed from an ongoing feud between two factions of students from rival neighborhoods who attended the same high school. Defendant told detectives, "we used to get into it all the time." When asked why he kicked the victim, defendant stated, "guess in the heat of the moment. Tired of everything that's going on. You can run. We was outnumbered." When asked if he knew it was Albert they were attacking, defendant stated, "I just thought it was one of them ***. But I ain't know it was going to be like that."

¶ 16      Thus, the evidence indicates defendant participated in the mob action with the independent felonious purpose of physically intimidating and harassing fellow students from a rival neighborhood and that the mob action escalated to the point where defendant and his codefendants struck the victim multiple times, causing his death. Therefore, based on the facts of this case, the mob action properly served as a predicate felony for felony murder. Accordingly, we uphold defendant's conviction for felony murder.

¶ 17      Defendant next contends the trial court erred by failing to instruct the jury that the underlying mob action must have an independent felonious purpose other than the murder itself in order to convict him of felony murder. Again, we must disagree.

¶ 18      "The function of jury instructions is to provide the jury with accurate legal principles to apply to the evidence so that it can reach a correct conclusion." *People v. Pierce*, 226 Ill. 2d

470, 475 (2007). "In a criminal case, fundamental fairness requires that the trial court fully and properly instruct the jury on the elements of the offense, the burden of proof, and the presumption of innocence." *Id.*

¶ 19 In general, the decision whether to give a certain jury instruction rests within the trial court's discretion and will not be reversed absent an abuse of that discretion. *People v. Jones*, 219 Ill. 2d 1, 31 (2006). However, the issue of whether the jury instruction accurately conveyed to the jury the applicable law is reviewed *de novo*. *Pierce*, 226 Ill. 2d at 475.

¶ 20 Defendant claims that since the existence of an independent felonious purpose is a question of fact for the trier of fact, the trial court should have issued an instruction to the jury tasking it with the question of whether the acts comprising the predicate mob action arose from or were inherent in the murder. Defendant maintains the trial court's failure to issue the instruction deprived him of his right to a jury determination that he was guilty of every element of the crime with which he was charged.

¶ 21 The issue of whether the offense of mob action can properly serve as a predicate forcible felony for felony murder in a particular case is a question of law for the trial court, whose ruling is reviewed *de novo*. *Davison*, 236 Ill. 2d at 239. In resolving this issue, the trial court, rather than the jury, must examine the factual context surrounding the murder and determine whether the evidence is sufficient to show that the predicate felony has an independent felonious purpose apart from the murder itself. See *People v. Morgan*, 307 Ill. App. 3d 707, 714 (1999), *aff'd*, 197 Ill. 2d 404, 447-48 (2001) (if, after all the evidence has been presented, and the trial court concludes that the State's evidence is not sufficient to show an independent underlying felony, then the court should refuse the felony murder instruction); *People v. Tamayo*, 2012 IL App (3d) 100361, ¶ 26 (in making the determination as to whether mob action may properly serve as a predicate felony for felony murder, the court must consider whether the conduct underlying the felony involves " 'an independent felonious purpose' " other than the killing (quoting *Davison*, 236 Ill. 2d at 244)); *Davis*, 213 Ill. 2d at 474. Therefore, we find the trial court did not err by not instructing the jury regarding the existence of an independent felonious purpose.

¶ 22 Finally, we reject defendant's contention that his 32-year sentence was excessive. Imposition of a sentence is a matter of judicial discretion. *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977). When a defendant's sentence is within statutory limits, a reviewing court will not alter the sentence absent an abuse of that discretion. *People v. Cabrera*, 116 Ill. 2d 474, 494 (1987).

¶ 23 Defendant was convicted of first degree murder. First degree murder is punishable by a prison term of not less that 20 years and not more than 60 years. 730 ILCS 5/5-4.5-20(a) (West 2008). In the instant case, defendant's 32-year sentence falls within the applicable statutory range.

¶ 24 If an imposed sentence falls within the statutory range, it will not be found excessive unless there is an affirmative showing that the sentence varies greatly from the spirit and purpose of the law or manifestly violates constitutional guidelines. *People v. Boclair*, 225 Ill. App. 3d 331, 335 (1992). The spirit and purpose of the law are promoted when a sentence reflects the seriousness of the crime and gives adequate consideration to a defendant's

rehabilitative potential. *Id.*

¶ 25    In the present case, there is nothing in the record which indicates that the trial judge ignored defendant's rehabilitative potential or any mitigating factors before he imposed sentence. The record shows that at defendant's sentencing hearing, the trial judge acknowledged the presentence investigation report, which raises the presumption that the trial court took into account defendant's potential for rehabilitation. See *People v. Wilburn*, 263 Ill. App. 3d 170, 185 (1994). Our review of the record shows the trial judge considered both mitigating and aggravating factors and arrived at a balance between society's need for protection and defendant's rehabilitative potential.

¶ 26    Accordingly, for the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

¶ 27    Affirmed.